IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARON MOORE, SR. *

Plaintiff *

v * Civil Action No. CCB-17-2578

DEPT. OF PUBLIC SAFETY AND *
CORRECTIONAL SERVICES, et al.
 *

Defendants
\*\*\*

## MEMORANDUM

In response to this civil rights complaint, defendants Baltimore City Correctional Center ("BCCC"), Wanda Blackman, Department of Public Safety and Correctional Services ("DPSCS"), Barbara Harvin, Siera Lee, and Wanda Patrick[1] move to dismiss or for summary judgment. ECF 12. Plaintiff Laron Moore, Sr. opposes the motion. ECF 14. No hearing is needed to determine the matters pending. Local Rule 105.6 (D. Md. 2016). For the reasons that follow, defendants' motion shall be granted and judgment entered in their favor.

### Background

Moore was incarcerated at Maryland Correctional Training Center (MCTC) at the time he filed this complaint.[2] He claims that on October 14, 2016, at approximately 2:13 p.m., he was traveling as a passenger in Officer Blackman's vehicle from the impound lot on Pulaski and Madison Streets, to BCCC. Blackman's van was in the right turning lane on Pulaski Highway, turning onto Madison Street when the van was struck on the passenger side "from the rear." ECF 1 at p. 4.

---

[1] The Clerk is directed to correct the docket to reflect the full and accurate names of defendants.

[2] Moore has since been released from incarceration. ECF 15.

At the time of the accident, Moore was looking out of the driver's side window and could not tell who was at fault for the accident. After the van was hit, Moore states that Blackman pulled the van over to the left side of the intersection. *Id.* A police officer was called to the scene of the accident, but that officer did not offer any medical treatment. *Id.* at p. 5.

Moore realized after they left the scene of the accident that his lower back was hurting and began hurting more the closer they got to the jail. He reported the injury to Captain Harvin, who was the Officer in Charge at the time. Harvin sent Moore to medical where he was seen by a nurse. Moore and the other passengers of the van were told to submit sick call slips because no doctor was available for their examination. Moore, along with the other passengers, wrote statements regarding the accident and pictures were taken. He states that no one saw a doctor for two days. Moore claims that during the examination Blackman and Harvin told all of the passengers that there was nothing wrong with them and that they were faking their injuries. After their examinations, they were all sent back to their housing units. ECF 1 at p. 4.

Moore claims he could not get legal representation while he was incarcerated and that he was given Naproxen for two-weeks for his back pain, did not receive an x-ray, nor did he receive a back brace. Moore was not put on bed rest and was required to report to work while he was injured. He states that if he had refused to work he would've been charged with a rule violation and removed from his work detail (road crew). The road crew detail was supervised by Officers Wanda Patrick and Siera Lee. ECF 1 at pp. 4-5.

Moore adds that he and his fellow passengers were told by Mr. Tailor,[3] the head of the road crew, that only an attorney representing Moore and/or the others could get access to the information regarding the other driver.

---

[3] Tailor is not named as a defendant in the caption of the complaint.

2

Moore seeks as relief "$35,000 a week" for pain and suffering as well as emotional distress, from the date of the accident to present. *Id.* at p. 3. He further states that it is his intention to sue "DPSCS, the State Medical Dept., the officers involved in the accident, the other driver that hit us, the Baltimore Police Department for not asking did (sic) we need medical treatment & the [officer] in charger (sic) for saying we were faking our injuries." *Id.* at p. 5. Moore appears to also indicate that he wishes to sue "all of their insurance companies." *Id.*

**Standard of Review**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not

3

need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## Analysis

Defendants DPSCS, and BCCC are not "persons" amenable to suit under 42 U.S.C. §1983.[4] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Florida Department of Health & Rehabilitative Services v. Florida Nursing Home Ass'n.*, 450 U.S. 147 (1981) (*per curiam*)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Md. Code Ann., St. Gov't 12-103(2). "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original).

The claim seemingly asserted against the individual defendants is a claim of negligence, not one of constitutional rights violation or implicating the violation of some other federal law.

---

[4] "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. §1983 (emphasis added).

4

Such a claim is governed by state law[5] and this court does not have jurisdiction to consider the claim absent circumstances[6] not present here. Further, in order to file a negligence claim against the State of Maryland, a plaintiff must first comply with the requirements of the Maryland Tort Claims Act. Md. Code Ann., St. Gov't §12-104(a)(1). The act requires notice to the State Treasurer within one year of the date of injury, the Treasurer or designee must deny the claim finally, and the suit must be filed within three years after the cause of action arises. *See* Md. Code Ann., St. Gov't 12-106(b).

On a more basic level, Moore has failed to plead or allege facts against these defendants that would lead a reasonable person to believe they engaged in actionable conduct. He admits that the van in which he was a passenger was hit by another car; that he was taken back to the prison and provided access to medical care; and that he was seen by a doctor two days later. The fact that correctional officers said nothing was wrong with him during his medical exam, while unkind, is not a basis for liability, nor is the refusal to provide information concerning the other driver to the inmates who were passengers in the van. In short, Moore has failed to assert deprivation of a right, violation of a duty owed, or proximate cause for the alleged injury that implicates these defendants.

Moore's opposition response focuses on his inability to gain the assistance of an attorney for presentation of this claim and to gather information regarding the accident from prison officials. ECF 14. He claims he was told he could not access the information without employing

---

[5] A negligence claim requires an allegation of facts that show "a *duty* owed by the defendant to the plaintiff, . . . a *breach* of that duty and . . . injury *proximately* resulting from that breach." *Pendleton v. State*, 921 A.2d 196, 203 (Md. 2007) (emphasis in original). Further, "[m]erely stating that a duty existed, or that it was breached, or that the breach caused the injury does not suffice." *Id.* at 458.

[6] Under this court's diversity jurisdiction a plaintiff may bring a state law claim in federal court if the citizenship of the parties is diverse, *i.e.*, they are citizens of different states, and the amount in controversy is over $75,000. *See* 28 U.S.C. §1332(a)-(b). A state law claim may also be brought in conjunction with a federal claim under this court's supplemental jurisdiction, which this court may decline to exercise when the claims over which it has original jurisdiction have been dismissed. *See* 28 U.S.C. §1367(c); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As noted, neither of these two scenarios apply to Moore's state law claim.

5

counsel to obtain it. Moore includes, however, a copy of an administrative remedy procedure request he filed which was rejected for processing because it was untimely. *Id.* at p. 3. Moore waited almost a year to file the request. *Id.* There is no evidence that Moore was somehow prevented from filing the request in a timely manner, nor is there an indication he needed an attorney for this claim. The complaint must be dismissed by separate order which follows.

6/25/18
Date

_____
Catherine C. Blake
United States District Judge